UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LEE PITTS,

                          Plaintiff,

       -against-

THE CITY OF NEW YORK, MARIUSZ KRALA,
JONATHAN KUPFERSCHMIDT and BRIAN
ANDRUSKIEWICZ,

                        Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff LEE PITTS, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC,** complaining of the Defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1981 and §1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws of the Constitution of the State of New York. The Plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §1981 and §1983.

3.     Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b), and (c).

## PARTIES

4. Plaintiff LEE PITTS at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Queens.

5. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipality entitled, created, and authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants KRALA, KUPFERSCHMIDT, and ANDRUSKIEWICZ are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK. KRALA, KUPFERSCHMIDT, and ANDRUSKIEWICZ are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. Defendants KRALA, KUPFERSCHMIDT, and ANDRUSKIEWICZ are sued individually.

## STATEMENT OF FACTS

8. On February 27, 2013 at approximately 5:15 p.m. Plaintiff was lawfully standing at the intersection of 55th Street and 32nd Avenue in the County of Queens, within the confines of the 114th Precinct waiting to cross the street. He held a cup of coffee in one hand, and in the other a black plastic bag containing an unopened container of an alcoholic beverage which he had just purchased.

9. Defendant KUPERSCHMIDT attempted to get Plaintiff's attention saying, "Hey, what are you doing?" Plaintiff initially turned around but did not believe he was the subject of the comment and he continued to cross the street. Someone then asked, "What are you drinking?" KUPERSCHMIDT then swiped the bag from Plaintiff's left hand, and as he turned to see what was happening, the coffee cup fell to the ground. The man on his right side then grabbed him with both arms and forcefully pulled him to the ground. KRALA then jumped on Plaintiff's back and punched him in the face and stated, "We could have killed you". KRALA then pulled Plaintiff's left hand out from under his body and forcefully stomped on it with his foot. In fact ANDRUSKIEWICZ, the Sergeant on the scene, had to pull KRALA away from Plaintiff and yell at him for his conduct.

10. Defendant ANDRUSKIEWICZ then allegedly recovered a loaded firearm from Plaintiff's waistband. Plaintiff was so badly injured by being forcefully slammed to the street, and by having his left arm twisted out of its normal range and his hand stomped on, that he was unable to walk. Defendant's had to bring him to Elmhurst Hospital where he was observed for several hours, x-rayed and given various pain medications.

11.   Plaintiff was charged with felony weapon possession and held in lieu of bail at his arraignment. While incarcerated he continued to receive therapy for his injuries. Upon being released some eight months later he continued to experience pain and is still undergoing treatment.

12.   In the criminal complaint, the grand jury, and at pretrial hearings Defendant's KRALA and KUPFERSCHMIDT testified that they could see through the bag that Plaintiff was carrying when they initially approached him.

13.   At pretrial suppression hearings in Queens County Supreme Court Defendant's KRALA and KUPFERSCHMIDT testified that Plaintiff carried a clear or "opaque" shopping bag and that they could see the contents of the bag. They testified a bottle could clearly be seen standing in an upright position and that it appeared to be three quarters full. They both further testified that they did not know what was in the coffee cup that Plaintiff carried. They further testified that Plaintiff threw the bag and coffee cup and ran when KUPFERSCHMIDT approached him and that they initially arrested him for littering. The police did not recover the plastic bag or the coffee cup.

14.   A the suppression hearing Plaintiff (as Defendant in the criminal case) called Surinder Paul, an employee at Woodland Liquor Store located at 51-10 31st Avenue. He testified that the store only used black plastic bags. Plaintiff testified that at approximately 5:10 p.m. he purchased a bottle of liquor at Woodland and that the cashier placed the bottle in a black bag before giving it to him. He further testified that he then purchased a cup of coffee at a deli a few doors away and that he never threw the bag or ran from the police.

15. On October 30, 2013, in a scathing decision Justice Richard L. Buether found the Defendant police officers committed perjury.[1] He credited the store employee and Plaintiff's version of the events and found the Defendant's had no probable cause to stop the Plaintiff. He suppressed all of the physical evidence and the criminal case was subsequently dismissed.

I. FEDERAL LAW CLAIMS

**AS AND FOR A FIRST CAUSE OF ACTION**

(U.S.C. §1983 Deprivation of Rights)

16. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

17. By their conduct and actions in arresting, battering, falsifying evidence, and failing to intercede on the behalf of Plaintiff, and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants KRALA, KUPFERSCHMIDT, and ANDRUSKIEWICZ, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1981 and §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

18. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, serious physical injury, costs and expenses, and was otherwise damaged and injured.

---

[1] Exhibit A

## AS AND FOR A SECOND CAUSE OF ACTION
(*Monell* Liability of Defendant the City of New York for Constitutional
Violations, Negligent Hiring, Screening, Retention, Supervision, and Training)

19.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20.  At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants KRALA, KUPFERSCHMIDT, and ANDRUSKIEWICZ had <u>de facto</u> policies, practices, customs, and usages which where a direct and proximate cause of the unconstitutional conduct alleged herein.

21.  At all times material to this Complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants KRALA, KUPFERSCHMIDT, and ANDRUSKIEWICZ had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

22.  As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, serious physical injury, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force)

23.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

24. The force used by Plaintiffs was excessive and unreasonable, and as a matter of law, was done without probable cause. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the United States.

25. As a result of the foregoing, Plaintiff suffered serious physical injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Falsification of Evidence)

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. By their actions in committing perjury surrounding the basis for the stop and excessive force used against the Plaintiff, Defendants falsified evidence and otherwise violated his common law rights as guaranteed by the laws and Constitution of the United States.

28. As a result of the foregoing, Plaintiff suffered bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution)

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30. The individual named Defendants lacked probable cause to initiate a prosecution against Plaintiff for possession of a weapon and thus by their actions they maliciously prosecuted Plaintiff and otherwise violated his common law rights as guaranteed by the laws and Constitution of the United States.

31. As a result of the foregoing, Plaintiff was deprived of his liberty, and suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

II. STATE LAW CLAIMS AGAINST THE INDIVIDUAL NAMED DEFENDANTS

### AS AND FOR A SIXTH CAUSE OF ACTION
(Abuse of process)

32. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33. By their actions in fabricating the basis for detaining and battering the Plaintiff, the individual named Defendants abused process, and otherwise violated his common law rights as guaranteed by the laws and Constitution of New York.

34. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery)

35. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

36. By their actions in forcefully taking Plaintiff to the ground without being privileged to do so, twisting Plaintiff's arm out of range, and stomping on Plaintiff's hand, the individual named Defendants battered Plaintiff, and otherwise violated his common law rights as guaranteed by the laws and Constitution of New York.

37. As a result of the foregoing, suffered bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b. Punitive damages in the amount of $2,000,000.00 (Two Million Dollars).[2]

c. Costs and attorney's fees.

d. Such other and further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
       September 2, 2014

                                               Respectfully submitted,

                                               SCOTT G. CERBIN, ESQ., PLLC
                                               Counsel for the Plaintiff

                                               By: Scott G. Cerbin (SC5508)
                                               16 Court Street, Suite 2901
                                               Brooklyn, New York 11241
                                               (718) 596-1829

---

[2] Punitive damages are sought as against the individual named defendants.

**EXHIBIT A**

SHORT FORM ORDER
SUPREME COURT - STATE OF NEW YORK
CRIMINAL TERM, PART TAP-B, QUEENS COUNTY
125-01 QUEENS BOULEVARD, KEW GARDENS, NEW YORK  11415

PRESENT :    HON. RICHARD L. BUCHTER
                       JUSTICE

-----------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK        IND. NO.: 1184-13

        -AGAINST-    MOTION: To Suppress Physical Evidence
        SUBMITTED:

LEE PITTS,
        Defendant    HEARING: *Mapp/Dunaway*
-----------------------------------------------------------------x

The following papers numbered 1 to
submitted in this motion.

        Robert DiDio, Esq.
        For the motion

        A.D.A. Lauren Weinstock
        Opposed

    A *Mapp/Dunaway* hearing having been held before this court, the defendant's motion to suppress physical evidence is granted as per the attached decision.

Kew Gardens, New York
Dated: October 29, 2013

        _____
        RICHARD L. BUCHTER, J.S.C.

MEMORANDUM

SUPREME COURT, QUEENS COUNTY
CRIMINAL TERM, PART TAP-B
----------------------------------------------------------------
THE PEOPLE OF THE STATE OF NEW YORK

            -AGAINST-

+- 2013
LEE PITTS,

                                 Defendant

BY: HON. RICHARD L. BUCHTER

DATED: October 30

Ind. No.: 1184-13

      The defendant moves to suppress certain statements, as well as certain physical evidence. A *Mapp/Huntley/Dunaway* hearing having been held before this court on August 29, 2013, September 3, 2013 and September 30, 2013, the court now makes the following findings of fact and conclusions of law.

      At the hearing Police Officer Mariusz Krala and Police Officer Jonathan Kupferschmidt gave testimony that on February 27, 2013 at approximately 5:25 pm both Officers Krala and Kupferschmidt as well as Sergeant Androscowitz were present in plain clothes in a vehicle in the vicinity of 32nd Avenue and 55th Street. At that time P.O. Krala and P.O. Kupferschmidt observed the defendant on the corner drinking out of a cup and holding a glass bottle, contained in a plastic bag, which appeared to the officers to be a bottle of alcohol. The officers testified that they exited the vehicle and approached the defendant. P.O. Kupferschmidt asked for identification and asked the defendant what he was drinking, whereupon the defendant threw or dropped the cup and bottle to the ground and fled. After a short chase Officer Kupferschmidt physically grabbed the defendant and a struggle ensued.

2

During the struggle P.O. Krala observed the handle of a gun in the defendant's waistband and yelled "gun!" Sgt. Androscowitz then recovered the weapon, subdued and handcuffed the defendant. During the struggle the defendant yelled out "that's not mine."

The glass bottle was thereafter recovered in the street and was found to be brandy. The plastic bag was not recovered by the police.

The defendant's alleged statement "That's not mine" was not noticed pursuant to CPL §710.30 (1) (a) and the People have consented to its preclusion.

The defendant called Surinder Paul, an employee at Woodland Liquor Store located at 51-10 31st Avenue, who testified that he was the manager of the store which is located in the vicinity of the incident and that the store only used black plastic bags. The witness provided a sample of the bag which the establishment still uses and was also of a type used on the date of the alleged incident.

The defendant testified that at approximately 5:10 pm he purchased a bottle of liquor at Woodland Liquor Store located at 51-10 31st Avenue and that the cashier placed the bottle in a black bag before giving it to him. Thereafter the defendant proceeded to a deli a few doors away, where he purchased a small cup of coffee. While waiting to cross the street at the corner of 55th Street and 32nd Avenue carrying the bag in one hand and holding the coffee cup in his other hand, the defendant observed an unmarked black car with tinted windows pull over at the corner causing the defendant to walk around the trunk of the car. The defendant thereafter heard someone say "hey, what are you doing?" The defendant turned around but continued to walk. Someone then asked "hey, what are you drinking?" whereupon defendant again

3

turned around and saw two men in street clothes. The defendant continued to walk.

Defendant testified that immediately thereafter one man swiped and grabbed the bag from his left hand and as he turned to see who it was, the coffee cup fell and the man on his right side grabbed him with both arms pulling him to the ground while at the same time telling him they were the police. The defendant testified that he maintained an average gait at all times, never fled or attempted to flee from them and never dropped or tossed the bag to the ground.

## THE LAW

The minimum requirement for a lawful detentive stop is a founded suspicion that criminal activity is afoot, *People v. Cantor, 36 NY2d 106, 114 (1975)*. If the initial stop of the defendant was unlawful, the evidence thereafter acquired must be suppressed absent an independent establishing of probable cause, *Chambers v. Maroney, 399 U.S. 42 (1975)*.

Encounters between a private citizen and a police officer require analysis from the inception of the encounter and not just from the point where the forcible stop or seizure occurs, *People v. DeBour, 40 NY2d 210 (1976)*

The police have a right to stop a citizen and inquire of him if they have reasonable suspicion that criminal activity is afoot, *People v. Landy, 59 NY2d 369; CPL §140.50*.

Reasonable suspicion encompasses a quantum of knowledge sufficient to induce an ordinarily prudent and cautious person, under the circumstances, to believe criminal activity is at hand, *People v Martinez, 80 NY2d 444 (1992)*.

Vague or unparticularized hunches will not suffice nor will good faith on the part of the police be enough to validate an illegal interference with an individual, *Cantor, supra*; *People v. McLean* 54 AD2d 966 (2nd Dept.1976); see, e.g., *People v. Martinez*, 191 AD2d 457 (2nd Dept.1993). Even a properly stopped person has no duty to respond to any questions and can walk or even run away from the police, *People v. Howard*, 50 NY2d 583 (1980).

In *People v. Brogdan*, 8 AD3d 290 (2nd Dept.2004), the court held that flight alone or in conjunction with equivocal circumstances that might permit a request for information is insufficient to justify pursuit. The police may lawfully pursue an individual only if they have reasonable suspicion that he has committed or is about to commit a crime. See also, *People v Holmes*, 81 NY2d 1056 (1993).

In the present case, the defendant was allegedly observed walking down the street holding a bag and a coffee cup at around 5:25 pm on a winter night. Both officers testified that the bag was "opaque" but that they could see through the bag that the liquor bottle inside was missing approximately 1 inch of liquid and that this observation occurred as they drove near the defendant while in an unmarked police car.

Even assuming the bag was translucent or transparent, as a practical matter, it strains the credulity of the court that the Police Officers in a vehicle could see that an inch was missing from the contents of a small bottle at 5:30 pm in February. The court does not find the testimony of the Officers to be credible. Rather, the court credits the testimony of Mr. Paul that the liquor store where defendant allegedly made the purchase used only black bags and always placed items sold in such bags before

permitting the customer to leave the store.

The court further credits the testimony of the defendant regarding his version of how the incident occurred.

Because the defendant was seized by the officers, it constituted an arrest, which must be predicated upon a finding of probable cause and upon more than mere suspicion that criminality was afoot. The court's findings regarding the lack of credible evidence to support a finding of probable cause to arrest renders the arrest unlawful.

Where, as here, the events encompassed by the officers' approach, detention and seizure of the defendant fall short of giving rise to any credible justification for his arrest, the gun recovered from the defendant must be suppressed.

Accordingly, the defendant's motion to suppress physical evidence, to wit, a loaded, operable gun, is granted.

Order entered accordingly.

The clerk of the court is direct to serve a copy of this memorandum and decision on the attorney for the defendant and on the District Attorney.

Kew Gardens, New York
Dated: October 30, 2013

_____
RICHARD L. BUCHTER, J.S.C.